UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CYNTHIA BEASLEY** ) | |
| ) | |
| Plaintiff, ) | Case: 1:23-cv-04902 |
| ) | |
| v. ) | |
| ) | |
| **TREMARK LOGISTICS, LLC,** ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |
| ) | |

## COMPLAINT

Plaintiff, Cynthia Beasley ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Tremark Logistics, LLC ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*. ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

5. A charge of employment discrimination on the basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Cynthia Beasley resided in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Tremark Logistics, LLC was a limited liability company doing business in and for Cook County whose address is 3523 South Ashland Avenue, Chicago, IL 60609 and headquartered at 3454 Anthony Lane, Terre Haute, IN 47803.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry

affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

11. Plaintiff worked for Defendant as a delivery associate beginning on or around February 22, 2023 until her unlawful constructive termination on or around May 17, 2023 on the basis of sex.

12. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

13. Plaintiff is female and is a member of a protected class because of her sex.

14. Throughout the entire duration of Plaintiff's employment with Defendant, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex in violation of Title VII.

15. In or around February 2023, Plaintiff began to be sexually harassed by Defendant's facility manager, Michael Green (male).

16. Upon information and belief, facility manager is the most senior position at Defendant's South Ashland Ave location.

17. As such, Defendant was on notice of Mr. Green's treatment of Plaintiff by virtue of the agency relation and the doctrine of *respondeat superior*.

18. At first, Mr. Green would oogle Plaintiff and follow her around Defendant's warehouse.

19. Plaintiff was uncomfortable by this behavior, and she was approached by employees with more seniority than she that Mr. Green had a history of targeting female employees.

3

20. The sex-based conduct perpetrated by Mr. Green continued to worsen, and Mr. Green began to follow Plaintiff to her car daily.

21. Whenever Plaintiff wore shorts to work, Mr. Green would look Plaintiff up and down in a sexual manner and tell her, "Mm, you're just getting bigger and bigger."

22. Again, Plaintiff felt uncomfortable but the environment fostered by Defendant had created an expectation that Mr. Green would instigate sexual advances against female employees.

23. Even more, Mr. Green exploited his access to Defendant's personnel files to obtain Plaintiff's personal cell phone number.

24. Mr. Green then began to proposition Plaintiff via text, saying things like, "Come over to my house" and "I have a date planned" and call her multiple times per day.

25. Plaintiff experienced increasing dread having to work with Mr. Green and continued to repel his sexual advances both in and outside of Defendant's workplace.

26. Plaintiff could not escape Mr. Green's treatment of her because of her sex, female; when she would come to work, Mr. Green would comment on her appearance, telling her, "You look beautiful" and "Wear your hair like that."

27. Eventually, Plaintiff mustered enough courage to face Mr. Green and tell him firmly that she did not welcome his sexual advances and they made her uncomfortable.

28. This constituted protected activity under Title VII because Plaintiff opposed unlawful sex-based discrimination and sexual harassment directly to Defendant's manager.

29. However, Mr. Green became angered by Plaintiff's refusal and began to retaliate against her.

30. Mr. Green proceeded to suspend Plaintiff for allegedly taking a photo incorrectly;

this had never been an issue before, let alone an error warranting suspension.

31. When Plaintiff returned to work from her suspension, Mr. Green made it clear that he intended to target her for further disparate treatment as a result of her rejection.

32. Other similarly situated employees outside of Plaintiff's protected class (non-female individuals) were not subject to the same disparate treatment.

33. In or around May 2023, Mr. Green failed to enter Plaintiff's hours and she was not paid.

34. This was a purposeful delay of payment to Plaintiff on account of her sex, female.

35. Eventually, Plaintiff was compensated via personal check; however, she had experienced increasing anxiety and financial strain as a result of the actions by Mr. Green.

36. The work environment created by Defendant which heavily disfavored females had become so unbearable that no reasonable person would be able to continue working there.

37. Ultimately, on or around May 17, 2023, Plaintiff was constructively terminated because of her sex, (female).

38. Plaintiff was retaliated against and her employment was ultimately constructively terminated for opposing unlawful discrimination and for exercising her protected rights.

39. Plaintiff reported the sexual harassment and/or sexual assault to Defendant.

40. Plaintiff was targeted for constructive termination because of her sex and reporting of illegal activity.

41. Plaintiff suffered multiple adverse employment actions including, but not limited to, being constructively terminated.

42. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

43. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her manager about the harassment.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

44. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

45. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

46. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, due to Plaintiff's sex, female.

47. Defendant knew or should have known of the harassment.

48. The sexual harassment was severe or pervasive.

49. The sexual harassment was offensive subjectively and objectively.

50. The sexual harassment was unwelcomed.

51. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

52. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

53. Plaintiff repeats and re-alleges paragraphs 1-44 as if fully stated herein.

54. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

55. Plaintiff met or exceeded performance expectations.

56. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

57. Defendant constructively terminated Plaintiff's employment on the basis of Plaintiff's sex.

58. Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex.

59. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

60. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

61. Plaintiff repeats and re-alleges paragraphs 1-44 as if fully stated herein.

62. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

63. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment and/or sex-based discrimination.

64. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§2000e, *et seq.*

65. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and/or sex-based discrimination.

66. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and/or harassing conduct complained of by Plaintiff.

67. Plaintiff's suffered an adverse employment action in retaliation for engaging in a protected activity.

68. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment and/or sex-based discrimination thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

69. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

70. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Pre-judgment and post-judgment interest;

      f.      Injunctive relief;

      g.      Liquidated damages;

      h.      Punitive damages;

      i.      Reasonable attorney's fees and costs; and

      j.      For any other relief this Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 27th day of July, 2023.

                                              */s/ Mohammed O. Badwan, Esq.*
                                              Mohammed O. Badwan, Esq.
                                              Travis P. Lampert, Esq.
                                              Sulaiman Law Group, Ltd.
                                              2500 South Highland Avenue, Suite 200
                                              Lombard, Illinois 60148
                                              Phone (630) 581-5456
                                              Fax (630) 575 - 8188
                                              tlampert@sulaimanlaw.com
                                              mbadwan@sulaimanlaw.com
                                              *Counsel for Plaintiff*